

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
09/12/2014

| | |
|---|---|
| IN RE | ) |
| | ) |
| EMMANUEL MEGRELIS, | ) CASE NO. 13-35704-H3-7 |
| | ) |
| Debtor, | ) |
| | ) |

## MEMORANDUM OPINION

With respect to the "First Amended Objection of Emmanuel Megrelis to the Proof of Claims of Ricke Baumann" (Docket No. 113), the court has held an evidentiary hearing on the limited question of Debtor's standing to prosecute the instant claim objection. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered determining that Debtor has standing to prosecute the instant claim objection. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Emmannuel Megrelis ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 13, 2013. Ronald J. Sommers is the Chapter 7 Trustee.

Riecke Baumann filed 51 proofs of claim, each in the

amount of $101,500. Baumann has withdrawn 50 of these proofs of claim. (Docket Nos. 93, 94).

Debtor filed an objection to the remaining proof of claim. (Docket No. 113). In his response to Debtor's objection to claim, Baumann asserted that Debtor lacks standing to object to his claim. (Docket No. 120).

Baumann has filed an adversary proceeding, asserting that Debtor's debt to him is excepted from discharge, pursuant to Section 523(a)(6) of the Bankruptcy Code. (Debtor's Exhibit 1).

Debtor's Schedule B indicates personal property assets valued in the aggregate at $471,801.47. In Schedule C, Debtor has claimed $73,239.95 of the personal property as exempt. (Baumann's Exhibit B). Thus, if the non-exempt personal property assets were liquidated for the values identified in the schedules, there would be $398,561.52 available for distribution to creditors.

The assets listed in Debtor's Schedule B include causes of action against Larry Lachance, which Debtor values at $70,000; Pierre Guitard, which Debtor values at $15,900; Savvas Stefanaides, which Debtor values at $82,000; and Ricky V. Clark, which Debtor values at $200,000. (Baumann's Exhibit B).

Debtor testified that he believes each of these causes of action is viable. Trustee testified that he believes, upon consultation with counsel, that only the claims against Guitard

and Stefanaides have sufficient value to merit Trustee's pursuit.

Debtor's Schedule F lists unsecured debts aggregating $2,924,370.00. These debts include a debt of $1 million to Christian Megrelis, $400,000 to Nicolas Megrelis, and $750,000 to Tromp Bakery Systems, LLC. ("Tromp"). (Baumann's Exhibit C).

Debtor testified that, prior to the petition in the instant case, he operated a food manufacturing business, called GB Foods. He testified that, although he retains ownership of the stock of GB Foods, another person operated GB Foods. He testified that the assets of GB Foods ultimately were repossessed and sold by Amegy Bank.

Debtor testified that there are no writings evidencing the debts owed to Christian Megrelis and Nicolas Megrelis. Debtor testified that Christian Megrelis is Debtor's father, and Nicolas Megrelis is Debtor's brother.

With respect to the debt to Tromp, Debtor testified that he believes that GB Foods was the primary obligor. He testified that he does not believe he executed a personal guaranty of the note. He testified that the debt was secured by baking equipment. He testified that Tromp repossessed the baking equipment.

## Conclusions of Law

Section 502(a) of the Bankruptcy Code provides that a properly filed claim is allowed, unless a party in interest objects.

The term "party in interest" is not defined in the Bankruptcy Code. The term party in interest means anyone who has a legally protected interest that could be affected by the bankruptcy case. See Matter of FBN Food Services, Inc., 82 F.3d 1387 (7th Cir. 1996).

The debtor has a pecuniary interest in the outcome of a claim objection where the estate has a potential surplus of assets that will result in a distribution to the debtor. In re Curry, 409 B.R. 831 (Bankr. N.D. Tex. 2009). The debtor also has a pecuniary interest in objecting to a claim that may be determined to be nondischargeable. In re Toms, 229 B.R. 646 (Bankr. E.D. Penn. 1999).

In an adversary proceeding in connection with the instant case, Baumann has asserted that his claim is nondischargeable. Thus, Debtor has a pecuniary interest in objecting to Baumann's claim. The court concludes that Debtor has standing to assert the instant claim objection.[1]

Based on the foregoing, a separate Judgment will be entered determining that Debtor has standing to assert the

---

[1] The court does not reach the question of whether the estate has a potential surplus of assets such that Debtor would be entitled to a distribution.

instant claim objection.

        Signed at Houston, Texas on this 12 day of September, 2014.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE